United States District Court
Southern District of Texas
**ENTERED**
September 23, 2022
Nathan Ochsner, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| LONNIE RAI R.,[1] | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Case No. 4:21-cv-2270 |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | § § § § | |
| *Defendant.* | § § § | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiff Lonnie Rai R. ("Plaintiff") filed this suit seeking judicial review of an administrative decision. Pl.'s Compl., ECF No. 1. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act").[2] The Parties filed cross-motions for summary judgment. Pl.'s MSJ, ECF

---

[1] Pursuant to the May 1, 2018 "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions" issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court uses only Plaintiff's first name and last initial.

[2] On January 14, 2022, based on the parties' consent, the case was transferred to this Court to conduct all proceedings pursuant to 28 U.S.C. § 636(c). Consent & Transfer Order, ECF No. 7.

No. 9; Def.'s MSJ, ECF No. 10. Plaintiff challenges the Administrative Law Judge's ("ALJ") determination, arguing that the ALJ failed to properly consider and evaluate the evidence in the record as well as failed to consider all of Plaintiff's limitations in the hypotheticals posed to the Vocational Expert ("VE"). ECF No. 9. Defendant counters, asserting that the ALJ's findings are proper and supported by substantial evidence. Def.'s Mem. In Support of MSJ, ECF No. 10-1. Based on the briefing and the record, the Court determines that the ALJ committed legal error when evaluating the opinions of Plaintiff's treating physicians. Therefore, Plaintiff's motion for summary judgment should be granted and Defendant's motion for summary judgment should be denied.

## I.    BACKGROUND

Plaintiff is 54 years old, R. 21,[3] and has a high school education. *Id.* Plaintiff worked as an industrial mechanic repairer and senior technician. R. 40, 165. Plaintiff alleges a disability onset date of February 20, 2019. R. 15. Plaintiff claims he suffers physical impairments. *Id.*

On October 21, 2019, Plaintiff filed his application for DIB under Title II of the Act. R. 139–40. Plaintiff based[4] his application on four discs fused in back (T7-

---

[3] "R." citations refer to the electronically filed Administrative Record, ECF No. 6.

[4] The relevant time period is February 20, 2019—Plaintiff's alleged onset date—through January 29, 2021—the date of the ALJ's decision. R. 14–15. The Court will consider medical evidence outside this period to the extent it demonstrates whether Plaintiff was under a disability during the

10), three discs in neck fused (C3-6), degenerative disc disease, arthritis, high blood pressure, and high cholesterol. R. 163. The Commissioner denied his claim initially, R. 64–68, and on reconsideration. R. 72–75.

A hearing was held before an ALJ. An attorney represented Plaintiff at the hearing. R. 27. Plaintiff and a VE testified at the hearing. R. 28. The ALJ issued a decision denying Plaintiff's request for benefits.[5] R. 9–26. The Appeals Council denied Plaintiff's request for review, thus upholding the ALJ's decision to deny disability benefits. R. 1. Plaintiff filed suit appealing the determination.

---

relevant time frame. *See Williams v. Colvin,* 575 F. App'x 350, 354 (5th Cir. 2014); *Loza v. Apfel*, 219 F.3d 378, 396 (5th Cir. 2000).

[5] An ALJ must follow five steps in determining whether a claimant is disabled. 20 C.F.R. § 416.920(a)(4). The ALJ here determined Plaintiff was not disabled at step five. R. 22. At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity since the alleged onset date. R. 15 (citing 20 C.F.R. §§ 404.1571 *et seq.*). At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease, post-thoracic laminectomy, and history of cervical fusion. R. 15 (citing 20 C.F.R. § 404.1520(c)). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in the regulations that would lead to a disability finding. R. 16 (referencing 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). The ALJ found that Plaintiff has the RFC to perform light work as defined in 20 CFR § 404.1567(b). R. 16. However, the ALJ added limitations, including that Plaintiff could not climb ladders, ropes, or scaffolds; could occasionally climb ramps or stairs, and occasionally balance, stoop, kneel, crouch, or crawl; and could occasionally reach overhead bilaterally, and frequently handle, finger, and feel with the right, dominant upper extremity. R. 16. At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. R. 20 (citing 20 C.F.R. § 404.1565). At step five, based on the testimony of the vocational expert and a review of the report, the ALJ concluded that considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform work that exists in significant numbers in the national economy, including copy machine operator, office worker, and electronics worker. R. 21–22. Therefore, the ALJ concluded that Plaintiff was not disabled. R. 22.

## II.  STANDARD OF REVIEW

The Social Security Act provides for district court review of any final decision of the Commissioner that was made after a hearing in which the claimant was a party. 42 U.S.C. § 405(g). In performing that review:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . , with or without remanding the cause for a rehearing. The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]

*Id.*

Judicial review of the Commissioner's decision denying benefits is limited to determining whether that decision is supported by substantial evidence on the record as a whole and whether the proper legal standards were applied. *Id.*; *see also Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001); *Loza*, 219 F.3d at 393. "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotations omitted). It is "more than a scintilla but less than a preponderance." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). The "threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154.

The Court weighs four factors to determine "whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability;

and (4) the claimant's age, education, and work history." *Conley-Clinton v. Saul*, 787 F. App'x 214, 216 (5th Cir. 2019) (citing *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995)).

A reviewing court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner, even if the evidence preponderates against the Commissioner's decision. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). Even so, judicial review must not be "so obsequious as to be meaningless." *Id.* (quotations omitted). The "substantial evidence" standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Singletary v. Brown*, 798 F.2d 818, 822–23 (5th Cir. 1986); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, considering whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. "Only where there is a 'conspicuous absence of credible choices or no contrary medical evidence' will we find that the substantial evidence standard has not been met." *Qualls v. Astrue*, 339 F. App'x 461, 464 (5th Cir. 2009).

## III.   BURDEN OF PROOF

An individual claiming entitlement to benefits under the Act has the burden of proving his disability. *Johnson v. Bowen*, 864 F.2d 340, 344 (5th Cir. 1988). The

Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A)(2000). The impairment must be proven through medically accepted clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3)(2000). The impairment must be so severe that the claimant is "incapable of engaging in any substantial gainful activity." *Foster v. Astrue*, No. H-08-2843, 2011 WL 5509475, at *6 (S.D. Tex. Nov. 10, 2011) (citing *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992)).

The Commissioner applies a five-step sequential process to determine disability status. *Id.* The claimant bears the burden of proof at the first four steps to establish that a disability exists. *Farr v. Astrue*, No. G-10-205, 2012 WL 6020061, at *2 (S.D. Tex. Nov. 30, 2012). The burden shifts to the Commissioner at step five to show that the claimant can perform other work. *Id.* The burden then shifts back to the claimant to rebut this finding. *Id.* If at any step in the process the Commissioner determines that the claimant is or is not disabled, the evaluation ends. *Id.*

## IV.   PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT

Plaintiff raises five issues: (1) the ALJ did not consider the entire record; (2) the ALJ failed to properly weigh or examine Plaintiff's subjective pain; (3) the ALJ failed to give proper weight to a treating physician's medical opinion; (4) the ALJ

6

failed to include all of Plaintiff's impairments in the ALJ's hypotheticals to the VE; and (5) the ALJ failed to fully consider the VE's testimony. ECF No. 9 at 7. Defendant counters that in determining Plaintiff's RFC, the ALJ properly considered and evaluated the evidence in the record, including the opinion evidence and Plaintiff's testimony. ECF No. 10-1 at 3–17. Defendant also argues that the ALJ properly found Plaintiff not disabled at Step Five. ECF No. 10-1 at 17–18. The Court finds that ALJ improperly conducted the Plaintiff's RFC analysis by failing to discuss the supportability factor when analyzing the medical opinions of Plaintiff's treating physicians.

**A. The ALJ Improperly Conducted the Plaintiff's RFC Analysis.**

Between the third and fourth steps of the sequential analysis, the ALJ must decide the claimant's RFC, which is defined as "the most the claimant can still do despite his [or her] physical and mental limitations . . . based on all relevant evidence in the claimant's record." *Winston v. Berryhill*, 755 F. App'x 395, 399 (5th Cir. 2018) (citation omitted). The RFC determination is the "sole responsibility of the ALJ." *Taylor v. Astrue*, 706 F.3d 600, 602–03 (5th Cir. 2012) (quoting *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1999)).

When making the RFC determination, the ALJ must consider all medical opinions contained in the record. *Id.*; 42 U.S.C. § 405(b)(1). The ALJ must "incorporate limitations into the RFC assessment that were most supported by the

record." *Conner v. Saul*, No. 4:18-CV-657, 2020 WL4734995, at *8 (S.D. Tex. Aug 15, 2020) (citing *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991)). As an administrative factfinder, the ALJ is entitled to significant deference in deciding the appropriate weight to accord the various pieces of evidence in the record, including the credibility of medical experts and the weight to be accorded their opinions. *See Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985).

### 1. *The ALJ failed to consider the supportability factor when evaluating the medical opinions of Plaintiff's treating physicians.*

Plaintiff argues that the ALJ committed legal error when evaluating the opinions of his treating physicians. ECF No. 9 at 16–18. Plaintiff contends that these opinions were entitled to deference so long as they were well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence. *Id.* at 16 (citing *Martinez*, 64 F.3d at 175–76). In particular, Plaintiff noted his doctor, Dr. S. Jeffrey Cannella, submitted into evidence a functional capacity report that stated that Plaintiff's chronic pain affected his daily living activities. ECF No. 9 at 17–18.

In support of his argument, however, Plaintiff cites to the outdated rule regarding RFC determinations. Under the new rule, the ALJ is no longer required to defer or give any specific evidentiary weight to any medical opinion or prior

administrative finding. 20 C.F.R. § 404.1520c(a).[6] Instead, the ALJ is required to

consider all medical opinions and prior administrative medical findings using

specific factors: (1) supportability; (2) consistency; (3) the physician's relationships

with the claimant, which includes considering the length, purpose, and extent of the

treatment relationship, the frequency of examinations, and the examining

relationship; (4) the physician's specialization, and (5) other factors. 20 C.F.R.

§ 404.1520c(b).[7] The most important factors are consistency and supportability. *Id.;*

*Garcia*, 2020 WL 7417380, at *4. Under the new guidelines, the ALJ must articulate

how persuasive he or she finds each of the opinions in the record and explain his or

her conclusions with regard to the supportability and consistency factors. 20 C.F.R.

§ 404.1520c(b)(2).

Defendant argues that the ALJ explained the persuasiveness of the opinion

evidence in accordance with the new regulations. ECF No. 10 at 12. Although the

reasoning behind Plaintiff's argument is wrong, the Court finds that Plaintiff is

correct that the ALJ erred when considering the medical opinions of his treating

---

[6] For claims filed after March 27, 2017, the new guidelines have eliminated the former requirement that the ALJ give deference to the opinions of treating physicians. *Garcia v. Saul*, No. SA-19-CV-01307-ESC, 2020 WL 7417380, at *4 (W.D. Tex. Dec. 18, 2020) (explaining that despite new regulations, previous decisions are still relevant as supportability and consistency have always been the most important considerations.). Because Plaintiff's claim was filed in 2019, this new rule applies.

[7] Other factors include evidence showing the medical source is familiar with the other evidence in the claim, or that the medical source understands the disability program's policies and evidentiary policies. 20 C.F.R. § 404.1520c(b).

physicians. The ALJ's decision completely fails to address the supportability factor in connection with his finding that the opinions of Plaintiff's treating physicians are unpersuasive.

The ALJ considered the opinion of Plaintiff's surgeon, Subrata Ghosh. R. 20. Dr. Ghosh opined Plaintiff could not lift, carry, push, or pull anything over ten pounds, and could sit, stand, or walk intermittently five-six hours at a time with standard breaks, and three out of eight hours with standard breaks. R. 407 (9/13/19), 487 (2/21/19), 552 (7/12/19), 579 (5/16/19), 613 (11/27/19), 632 (9/13/19), 804 (5/16/19). Dr. Ghosh further opined that Plaintiff could not bend, kneel, crouch, climb, balance, drive, lift, or reach below when at desk or workbench level, and could occasionally reach above shoulder level and do fine and gross manipulation. *Id.* The ALJ found this opinion unpersuasive "to the extent that such opinion was not limited to post-surgical periods usually consisting of less than 12 months based on the longitudinal evidence, including overall objective medical findings, improvement with treatment, and the State agency medical consultants' opinions." R. 20.

The ALJ also considered the opinion of Plaintiff's doctor, Dr. Cannella. R. 20. Dr. Cannella opined that Plaintiff could sit, stand, or walk three hours at a time with standard breaks, lift ten pounds frequently and five pounds constantly, engage in occasional postural maneuvers, frequently reach and manipulate, and these

restrictions *were expected to last for six weeks*. R. 906 (1/4/21) (emphasis added).

The ALJ found Dr. Cannella's opinion to be unpersuasive "to the extent such

opinion was not post-surgical implant limitations and intended to last for a period of

more than 12 months based on the longitudinal evidence, including overall objective

medical findings, improvement with treatment, and the State agency medical

consultants' opinions." R. 20.

The ALJ is required to "explain how [he] considered the supportability and

consistency factors" but is not required to explain how he considered the remaining

factors. 20 C.F.R. §§ 404.1520c(b)(2)–(3). The supportability and consistency

factors involve different analyses and require the ALJ to explain his reasoning for

his persuasiveness finding with respect to each factor. *Kilby v. Kijakazi*, No. 4:20-

cv-03035, 2022 WL 1797043, at *3 (S.D. Tex. Mar. 15, 2022). "With respect to

'supportability,' 'the strength of a medical opinion increases as the relevance of the

objective medical evidence and explanations *presented by the medical source*

increase," and consistency is "an all-encompassing inquiry focused on how well a

medical source is supported, or not supported, *by the entire record*." *Luckett v.*

*Kijakazi*, No. 4:20-CV-04002, 2021 WL 5545233, at *4 (S.D. Tex. Nov. 26, 2021)

(citing 20 C.F.R. §§ 404.1520c(c)(1), 404.920c(c)(1)) (quoting *Vellone v. Saul*, 1:20-

cv-00261, 2021 WL 319354, at *6 (S.D.N.Y. Jan. 29, 2021)) (emphasis added).

The ALJ's decision discussed only the consistency of Dr. Ghosh and Dr. Cannella's opinions with the record but failed to address the supportability compared to the objective medical evidence that doctor presented. R. 20. This is legal error. An ALJ errs when he or she finds an opinion unpersuasive because it is inconsistent with other medical evidence in the record, instead of considering whether the objective medical evidence that doctor provided supported his or her opinion. *See Kilby*, 2022 WL 1797043, at *3 (finding the ALJ committed legal error where the ALJ conducted a persuasiveness analysis only by reference to how consistent the medical opinion was with the other medical evidence); *Cooley v. Comm'r of Soc. Sec.*, No. 2:20-cv-46, 2021 WL 4221620, at *6 (S.D. Miss. Sept. 15, 2021) (finding the ALJ committed legal error where the court could not discern how the ALJ considered the supportability or consistency factors in determining the persuasiveness of a treating physician's medical opinion).

If a supportability analysis would render these opinions to be persuasive, they would support a finding that Plaintiff is unable to perform light work, which requires lifting no more than 20 pounds at a time with frequent carrying of objects weighing up to 10 pounds and a "good deal" of walking or standing, which means up to six hours of walking or standing in a workday. *See* 20 C.F.R. § 404.1567(b); SSR 83-10, 1983 WL 31251, at *5–6 (Jan. 1, 1983). Therefore, the Court must consider whether the ALJ's legal error was harmless and substantial evidence supports the

ALJ's RFC determination.

**B. The Court Cannot Determine Whether the ALJ's Error Was Harmless As To Dr. Ghosh's Opinion.**

"It is well established that a reviewing court must be provided with a sufficient explanation to ensure that the ALJ has complied with the legal procedures controlling his decision and did not ignore or mischaracterize evidence." *Pearson v. Comm'r of Soc. Sec.*, No. 1:20-cv-166, 2021 WL 3708047, at *5 (S.D. Miss. Aug. 11, 2021). There is limited case law concerning what constitutes a "sufficient explanation" of supportability and consistency under 20 C.F.R. § 404.1520c(b)(2); but, as described by one court, the standard is as follows:

> The measuring stick is for an 'adequate discussion' is whether the ALJ's persuasiveness explanation enables the court to undertake a meaningful review of whether his finding with regard to the particular medical opinion was supported by substantial evidence, and does not require the Court to merely speculate about the reasons behind the ALJ's persuasiveness finding or lack thereof.

*Luckett*, 2021 WL 5545233, at *4 (citing *Cooley*, 2021 WL 4221620, at *6). "Stated differently, there must be a discernible logic bridge between the evidence and the ALJ's persuasiveness finding." *Pearson*, 2021 WL 3708047, at *5 (quotation omitted).

Even the ALJ's discussion of the consistency factor lacks an adequate explanation. The ALJ provides no explanation of how the opinions of Dr. Ghosh and Dr. Cannella are inconsistent with the medical record. As to Dr. Cannella's opinion,

13

the ALJ referenced his notation that the limitations were to last only six weeks, which would be insufficient to support a finding of disability because the impairment must last more than a year. The ALJ states that the limitation was not intended to last more than 12 months. Otherwise, his opinion contains no other explanation of how these two opinions were inconsistent with the record. Therefore, a "logic bridge" between the cited medical evidence and the ALJ's finding that the opinions of Plaintiff's treating physicians are unpersuasive does not exist. *Compare Kilby*, 2022 WL 1797043, at *4 (finding the absence of a logic bridge where the ALJ's decision is "devoid of any explanation for why the statements plucked from the record support a finding that [a medical opinion] is inconsistent with the medical record"), *with Georgopoulos v. Comm'r, SSA*, No. 4:21-CV-00192-ALM-CAN, 2022 WL 3023247, at *9 (E.D. Tex. July 8, 2022) (finding a logic bridge where the ALJ "took pains to list and coherently explain conflicts" between the medical opinion and the relevant medical records).

The Court cannot meaningfully review whether the ALJ's legal error in failing to address the supportability factor was harmless with respect to Dr. Ghosh's opinion. Harmless error exists when "[i]t is inconceivable that the ALJ would have reached a different conclusion" absent the error. *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003). Had the ALJ addressed the supportability factor, he may have found the Dr. Ghosh's opinion to be equally or more persuasive than the other

opinions in the record. Because the ALJ failed to provide any explanation for why the "longitudinal evidence" supports his finding that Dr. Ghosh's opinion is unpersuasive, "significant gaps exist in the ALJ's discussion of the medical opinion that leave this Court unable to build a logic bridge between the evidence and his finding." *Kilby*, 2022 WL 1797043, at *4 (quoting *Cooley*, 2021 WL 4221620, at *7). Because the limitations included in Dr. Cannella's opinion are limited to six weeks, any error failing to perform a supportability analysis with regard to his opinion is harmless.

Accordingly, remand is necessary for the ALJ to sufficiently explain how he considered the supportability and consistency factors. In addition, the Court urges on remand that the ALJ provide the "logic bridge" between the medical evidence and his opinion regarding the persuasiveness of each medical and consulting examiner opinion. Because the Court finds that the ALJ committed legal error in how he evaluated these opinions, the Court declines to address Plaintiff's remaining arguments as alternative grounds for summary judgment. *See, e.g.*, *McNickles v. Thaler*, No. H-10-3493, 2012 WL 568069, 2012 WL 568069, at *5 (S.D. Tex. Feb. 21, 2012) (declining to address alternative summary judgment ground because respondent was already entitled to summary judgment). Those issues may be addressed on remand.

## CONCLUSION

The Court **GRANTS** Plaintiff's motion for summary judgment, ECF No. 9, and **DENIES** the Commissioner's motion for summary judgment, ECF No. 10. The Commissioner's determination that Plaintiff is not disabled is **VACATED**. This case is **REMANDED** to the Commissioner for further proceedings.

**SIGNED** at Houston, Texas, on September 22, 2022.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**