United States District Court
Southern District of Texas
**ENTERED**
February 26, 2025
Nathan Ochsner, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| LONNIE R.,[1] | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-CV-2270 |
| | § | |
| MARTIN O'MALLEY,[2] ACTING | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b),[3] seeking payment of $29,698.25. ECF No. 21. Defendant, the Acting Commissioner of the Social Security Administration, filed a response to the motion arguing the requested award is unreasonable. ECF No. 22. Based on a review of the law and the evidence, the Court finds the requested fee is reasonable and, therefore, Plaintiff's motion for attorney fees, ECF No. 21, is granted.

---

[1] The Court uses only Plaintiff's first name and last initial. *See* "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions," Committee on Court Administration and Case Management of the Judicial Conference of the United States (May 1, 2018).

[2] The Court substitutes in the name of the current Commissioner as Defendant pursuant to Federal Rule of Civil Procedure 25(d).

[3] On January 14, 2022, based on the parties' consent, the case was transferred to this Court to conduct all proceedings pursuant to 28 U.S.C. § 636(c). Order, ECF No. 7.

## I.    BACKGROUND

Plaintiff filed an application for social security disability insurance benefits. ECF No. 11 at 1. After his claims were denied initially and upon reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). *Id.* at 3. Based on the ALJ's residual functional capacity ("RFC") finding, Plaintiff's age, education, and work experience, the ALJ found that Plaintiff could perform jobs that existed in significant numbers in the national economy. *Id.* at n.5. Arguing five points of review, Plaintiff appealed, seeking judicial review of the Commissioner's denial of his claims for benefits. Compl., ECF No. 1. Based on a review of the record and evidence on cross-motions for summary judgment, the Court entered an order and final judgment in Plaintiff's favor, reversing the ALJ's decision, and remanding the case to the ALJ for further proceedings. Order, ECF No. 11; Final Judgment, ECF No. 12. Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), Plaintiff's counsel sought, and the Court awarded him, $6,393.55 in attorney fees. Order, ECF No. 18.

On remand, the Social Security Administration found Plaintiff to be disabled. ECF No. 22-6 at 7. The total amount of past due benefits is $118,793.00, of which 25% or $29,698.25 was withheld for the purposes of awarding the representative's fees. ECF No. 21-3 at 2. Pursuant to 42 U.S.C. § 406(b), Plaintiff's counsel now seeks a court order awarding attorney's fees in the amount of $29,698.25, the total

amount withheld. ECF No. 21. If awarded this sum, Plaintiff's counsel agrees to refund the previously awarded EAJA fee of $6,393.55 directly to Plaintiff as required under § 406(b). *Id.* at 5.

## II. LEGAL STANDARD

Sections 406(a) and (b) "provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action." *Murkeldove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011) (citing 42 U.S.C. § 406(a)-(b)). Section 406(a) governs fees for representation at the administration level. *Jeter v. Astrue*, 622 F.3d 371, 374 n.2 (5th Cir. 2010). Section 406(b) governs the award of attorney's fees for representing claimants in court. *Calaforra v. Berryhill*, No. 4:15-CV-02298, 2017 WL 4551350, at *2 (S.D. Tex. Oct. 12, 2017). The statue limits the attorney's fee award to not more than 25% of the total of the past due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1)(A). Furthermore, the statute allows for withholding of the past-due benefits to pay these fees directly to the attorney. *Id.* Recently, the Supreme Court explained that this 25% cap on fees is not cumulative, so any award for court representation under § 406(b) will not be reduced by an award for representation before the agency under § 406(a). *Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019). Section 406(b) applies when, as here, the claimant obtains a favorable decision on remand after the court had vacated the Commissioner's previous decision denying benefits. *Id.* at 531.

3

Even when the requested fee is within the 25% statutory ceiling, "§ 406(b) requires the court to review the 'arrangement as an independent check, to assure that [it] yields reasonable results' in the case." *Calaforra*, 2017 WL 4551350, at *3 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). The court performs an independent check to ensure that the fee is not a windfall to the attorney. *Jeter*, 622 F.3d at 380-82. "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is in order to disallow windfalls for lawyers." *Id.* at 379. The court has wide discretion in approving or discounting the amount of attorney's fees. *Id.* at 376.

Sections 406(a) and 406(b) are not the only sources of compensation available to an attorney. "Under the EAJA, a party who prevails against the United States, including a successful Social Security benefits claimant, may be awarded fees if the government's position in the litigation was not 'substantially justified.'" *Calaforra*, 2017 WL 4551350, at *2 (quoting 28 U.S.C. § 2412(d)(1)(A)). "Attorneys who successfully represent social-security-benefits claimants in court may receive fees under both the EAJA and § 406(b), but must refund to the claimant the amount of the smaller fee." *Jackson*, 705 F.3d at 529 n.2 (cleaned up).

## III.  COUNSEL'S MOTION FOR ATTORNEY FEES IS REASONABLE AND TIMELY.

As noted above, the Court must decide whether counsel's request for a fee award under § 406(b) is reasonable and timely.

**A.    The Motion for Attorney Fees Is Reasonable.**

The burden is on the attorney to show that the fee is reasonable. *See Calaforra*, 2017 WL 4551350, at \*3-4. The court may use a variety of non-exhaustive factors in performing the reasonableness check, including the existence of a contingency fee agreement, the risk of loss the attorney takes on, the experience and quality of the attorney, whether the attorney caused any unnecessary delay, and the resulting hourly rate. *Id.* at \*4; *accord Jeter*, 622 F.3d at 382. No one factor is dispositive, and the court may not exclusively rely on the resulting hourly rate in determining the reasonableness of the fee. *Jeter*, 622 F.3d at 377 (approving use of lodestar method in conjunction with additional factors to determine whether award is a windfall).

Analyzing these factors, the Court finds that a fee of $29,698.25 is reasonable in this case as follows:

### 1.    The contingency fee is reasonable.

On September 5, 2024, Plaintiff signed an amended contingency fee agreement setting counsel's compensation at 25% of any recovery of past-due benefits "if the case goes to federal court." ECF No. 21-1 at 2, 5, 6. This fee is within the statutory range. 42 U.S.C. § 406(b)(1)(A). In this case, Plaintiff's counsel asks the Court for the net sum of $29,698.25, which totals 25% of Plaintiff's past-due benefits. ECF No. 21.

Courts have recognized that in contingency representation, attorneys should

receive "full compensatory fees" when the client receives "excellent results." *Hensely v. Eckerhart*, 461 U.S. 424, 435 (1983) (recognizing that lawyers who take on contingency cases should receive more when successful because of the intrinsic risk). In social security appeals for disability benefits, "courts have recognized that there is a substantial risk of loss." *Dickerson v. Saul*, No. 4:18-CV-04578, 2021 WL 2156762, at *3 (S.D. Tex. May 27, 2021) (citations omitted). On average only thirty-five percent of claimants who appealed their case to federal court received benefits *Id.* (citation omitted).

In this case, counsel undertook a risk because she represented Plaintiff without any guaranteed payment. Counsel filed a motion for summary judgment, and the Court remanded the case. ECF Nos. 9, 11. At the administrative level on remand, Plaintiff was awarded social security benefits, including past-due benefits. Since only thirty-five percent of cases appealed to federal courts receive benefits, this result is excellent. *Id.*  There is also no evidence that Plaintiff's counsel caused any unnecessary delay in the proceedings at the district court level. *Calaforra*, 2017 WL 4551350, at *4 (citing absence of delay in approving fee).

### 2.    *The number of hours is reasonable.*

Plaintiff's counsel asserts she spent a total of 55 hours on Plaintiff's case, with 28.4 hours expended in federal court. ECF Nos. 21 at 5, 21-1 at 10, 21-2 at 5–6.[4]

---

[4] Plaintiff's counsel submitted an itemization for 58 total hours. ECF No. 21-2 at 6.

The typical number of hours spent on a social security disability claim is between 30 and 40 hours. *Dickerson*, 2021 WL 2156762, at *3 (citing *Mesecher v. Berryhill*, No. 4:15-CV-0859, 2017 WL 4417682, at * 1 (N.D. Tex. Oct. 3, 2017) (noting that a typical attorney in a social security case claims "between thirty and forty hours for attorney work.")). Under § 406(b), a plaintiff's attorney may receive fees for work performed in court, but not for work performed in administrative proceedings. *Gisbrecht*, 535 U.S. at 794. Counsel represents that she accrued 28.4 hours at the court level. ECF No. 21 at 5. Moreover, the Court has already found the number of hours reasonable. Mem. & Order, ECF No. 18.

### 3.    *The effective hourly rate is reasonable.*

In his response, the Commissioner recognized that he "has no direct financial stake in the outcome of this case," and during fee determination only plays the role of "trustee for the claimants." ECF No. 22 at 1. Without commenting on the reasonableness of Plaintiff's request, the Commissioner notes that the Social Security Administration "usually considers that a fee is not a windfall when it is no more than twice the reasonable non-contingency hourly rate." *Id*. at 2–4.

Here, the requested rate is significantly more than the non-contingency hourly rate. ECF No. 18 at 3. If awarded the requested amount, the *de facto* hourly rate for counsel's work is $1045.71 per hour ($29,698.25/28.4 hours). The statutory baseline EAJA hourly rates is $125 per hour. *See* 28 U.S.C. § 2412(d)(2)(A)(ii). Adjusted for

cost-of-living increases, the Court awarded counsel a fee based on a rate over $200 per hour. ECF No. 18 at 6.

Nonetheless, because of the inherent risk in social security cases, the Fifth Circuit has recognized that in § 406(b) cases, "an excessively high hourly rate alone does not render an otherwise reasonable fee unreasonable." *Dickerson v. Saul*, No. 4:18-CV-04578, 2021 WL 2156762, at *4 (S.D. Tex. May 27, 2021) (quoting *Jeter*, 622 F.3d at 3820); *see also Sabourin v. Colvin*, No. 3:11-CV-2109, 2014 WL 3949506 (N.D. Tex. Aug. 12, 2013) ("$1,245.55 per hour" was not an unreasonable request); *Silves H. v. Kijakazi*, No. 3:22-CV-286-K-BK, 2023 WL 9102228, at *2 (N.D. Tex. Dec. 18, 2023), *adopted*, No. 3:22-CV-0286-K, 2024 WL 56989 (N.D. Tex. Jan. 4, 2024) ($1,070.33 per hour); *Moore v. Saul*, No. SA-19-CV-01308-ESC, 2021 WL 2593629, at *2 (W.D. Tex. June 24, 2021)($1,059.88 per hour); *Seznik v. Comm'r of Soc. Sec. Admin.*, No. 3:20-CV-2574-B-BK, 2023 WL 6066466, at *2 (N.D. Tex. July 17, 2023), *adopted*, No. 3:20-CV-2574-B-BK, 2023 WL 6065871 (N.D. Tex. Aug. 9, 2023) ($1,237.62 per hour); *Claypool v. Barnhart*, 294 F.Supp.2d 829 (S.D. W. Va. 2003) ($1,433.12 per hour).

The Court finds that, based on counsel's success at the district court level and similar awards in other cases, the *de facto* hourly rate is reasonable.

**B.    The Fees Application Is Timely.**

Any request for fees under § 406(b) must be timely. *Calaforra*, 2017 WL

4551350, at *4 (citing *Pierce v. Barnhart*, 440 F.3d 657, 663-64 (5th Cir. 2006)). In *Pierce*, the Fifth Circuit reasoned that Federal Rule of Civil Procedure 54(d) sets the default deadline for attorney fees motions at no later than 14 days after entry of judgment. *Id.* But recognizing it was unlikely a claimant would resolve a social security claim in that time, the court held that the deadline could be extended. *Id.* Other courts have concluded that the motion should be filed within a reasonable time after receiving notice of the award. *See id.* (collecting cases).

Here, Plaintiff's notice of award is dated October 5, 2024, and counsel filed the instant motion on December 19, 2024, within three months of the notice. *See* ECF Nos. 21, 21-3. Thus, the Court finds that the motion is timely.

In sum, considering these factors, the Court finds that an award of $29,698.25 is reasonable, as it is a direct result of counsel's advocacy, which returned a highly favorable result for Plaintiff. The motion is timely, and it should be granted.

## IV.    CONCLUSION

Therefore, the Court **ORDERS** as follows:

1.    Plaintiff's motion for attorney fees, ECF No. 21, is **GRANTED**;

2.    Defendant is **ORDERED** to award Plaintiff's counsel, Delphine M. James, $29,698.25 in attorney fees withheld from Plaintiff's past-due benefits; and

3.    Plaintiff's counsel is **ORDERED** to refund the EAJA award in the amount of $6,393.55 directly to Plaintiff.

**IT IS SO ORDERED.**

Signed on February 25, 2025, at Houston, Texas.

**Dena Hanovice Palermo**
**United States Magistrate Judge**